No. ——

First Circuit

·LEBOURGEOIS v. LYON LUMBER CO.

(February 12, 1927. Opinion and Decree.)
(March 8, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Master and Servant
   —Par. 158.

An employee killed by lightning while un-
der a tree near the place where he
was at work and where he had gone
for shelter to eat his lunch at the
noon hour was killed by an· accident
arising out of and in the course of his
employment, as provided by the Work-
men's Compensation Act No. 20 of 1914
and amendments.

Appeal from the Parish of Livingston.
Hon. Columbus Reid, Judge.

Action by Mrs. Noah Lebourgeois against
Lyon Lumber Company.

There was judgment for plaintiff and
defendant appealed.

Judgment affirmed.

M. C. Rowne, of Springfield, attorney for
plaintiff, appellee.

Leslie P. Beard, of New Orleans, attor-
ney for defendant, appellant.

LECHE, J.  Plaintiff and her children
were dependents of Noah LeBourgeois; who
was killed by lightning · on July 8, 1925,
while working for the defendant company.
She sues for compensation under the Em-
ployers' Liability Act and from a judgment
in her favor defendant has appealed.

Defendant has made no appearance in
this court either by brief or by oral argu-
ment, but we understand from the plead-
ings that the sole question at issue is
whether death by lightning is such an
accident as entitles the employee's de-
pendents to compensation under the
statute.

The employee was, at the time, under a
tree very near the place where· he was
at work in the woods, and he had gone
there for shelter to eat his lunch, at the
noon hour.  These facts are all admitted.

Although the instrumentality causing
death had no connection with the work
which the employee was performing, and
although the employee was not actually at
work at the time, the accident, neverthe-
less, occurred during the course of the em-
ployment and as a result of the employ-
ment.  Dyer vs. Rapides Lumber Company,
154 La. 1093, 98 South. 677; Myers vs.
La. R. & N. Co., 140 La. 937, 74 South. 256.
The question involved must then be de-
cided against the defendant.  Travino
·Gasca vs. Texas Pipe Line Co., 2 La. App.
483.

For these reasons the judgment appealed
from is affirmed.