Joseph C. SHIELDS, Appellant,

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, Appellee.**

**No. 17636.**

United States Court of Appeals
Fifth Circuit.

May 26, 1959.

Nicholas Masters, New Orleans, La., for appellant.

## 50

H. L. Hammett and Hammett & Bertel, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a summary judgment[1] for defendant rejecting the plaintiff's demand and dismissing his action.

This is the record. After plaintiff had sued under the Louisiana Workmen's Compensation Act and had obtained a judgment[2] against his employer Avondale Marine Ways, Inc., he brought this action under the Louisiana direct action statute against defendant-appellee, as liability insurer of his employer, Avondale Marine Ways, Inc., owner and operator of a shipyard, to recover, for the claimed negligence of his employer, damages for personal injuries suffered by him on his employer's premises.

In its answer, in addition to denying that Avondale was negligent and, in the alternative, alleging that if it was, plaintiff was contributorily negligent, defendant pleaded as its primary defenses: (1) that the injury occurred while plaintiff was in the course and scope of his employment and the Louisiana Workmen's Compensation Act and the rights and remedies it afforded plaintiff, are exclusive; and (2) that the policy of defendants especially excluded from coverage injuries compensated for under the Workmen's Compensation Act.

Thereafter defendant, on the ground that the Workmen's Compensation suit

---

1. "This cause came on at a former day, to be heard on the motion of defendant for summary judgment, and was argued by counsel for the respective parties and submitted, when the Court took time to consider.

"Now, on due consideration thereof,

"It is ordered by the Court that the motion of defendant for summary judgment herein be, and the same is hereby, granted."

"*Reason.* Unquestionably, if this were a suit for workmen's compensation, plaintiff would be successful. That fact, about which no reasonable men would disagree, negatives plaintiff's right to recover here. La. [LSA–]R.S. 23 :1035; Lavender v. Kurn, 327 U.S. 645, 653 [66 S.Ct. 740, 90 L.Ed. 916]."

2. "This matter came on for hearing this date on joint petition for judicial approval of a workmen's compensation compromise, and the Court having reviewed the pleadings and affidavits and having discussed the proposed settlement with petitioners and their attorneys, and the Court being of the opinion that the proposed compromise settlement is fair and equitable and should be approved;

"It is ordered, adjudged and decreed that the proposed compromise settlement under the Louisiana Workmen's Compensation Law be and the same is hereby approved and made the judgment of this court and that, accordingly, there be judgment in favor of Joseph C. Shields and against Avondale Marine Ways, Inc. in the sum of $6,290.00 in full and final settlement of any and all rights which the said Joseph C. Shields has under the Louisiana Workmen's Compensation Law for injuries received by him in an accident on May 17, 1957, when he injured his right arm and shoulder in an accident while employed by Avondale Marine Ways, Inc. in Jefferson Parish; provided that if Joseph C. Shields undergoes a surgical operation for correction of the injuries to his right shoulder sued upon within sixty days from the date of payment to him by Avondale of the sum set out above and as a result of the said operation suffers death prior to his discharge from the hospital where the surgery is performed, Avondale Marine Ways, Inc. be and it is hereby ordered to pay to Carolyn Karpeles Shields, the wife of Joseph C. Shields, the sum of $30.00 per week for 242 weeks, beginning one week from the date of his death; provided further that if Joseph C. Shields does not undergo the said surgical operation within the sixty-day period referred to, or if he dies subsequent to his discharge from the hospital where he undergoes the said operation, then Avondale Marine Ways, Inc. shall have no further obligation toward the said Joseph C. Shields or to his widow named above;

"It is further ordered, adjudged and decreed that upon the said payment herein made, Joseph C. Shields be and he is hereby authorized and empowered to grant a full and binding release to Avondale Marine Ways, Inc. from any and all liability under the Louisiana Workmen's Compensation Law in accordance with the terms of this judgment."

brought by plaintiff and the judgment entered in it entitled defendant to a judgment as matter of law, made, and the district judge, for the reasons stated in his opinion,[3] denied a motion for summary judgment. At a later date the depositions of the plaintiff and of Moore, personnel director of defendant, establishing the following undisputed facts,[4] having been taken and filed, defendant renewed his motion for summary judgment on the ground this time that the depositions disclosed that no genuine issue as to any material fact existed, and the defendant was entitled to judgment as a matter of law, and judgment was entered accordingly.

■ Plaintiff-appellant is here vigorously insisting that the case was not one for summary judgment for defendant because, as matter of law, on the undisputed evidence the injury was not received in the scope and course of the employment and was therefore not compensable and, in the alternative, if this is not so, a question of fact, whether the injury was or was not compensable, was presented.

We find ourselves in disagreement with these views and in full agreement with the view of the district judge set out in note 1:

> "Unquestionably, if this were a suit for workmen's compensation, plaintiff would be successful. That fact, about which no reasonable men would disagree, negatives plaintiff's right to recover here. La.[LSA–] R.S. 23:1035; Lavender v. Kurn,

327 U.S. 645, 653 [66 S.Ct. 740, 90 L.Ed. 916]."

Appellant, pointing to no fact which is in dispute but arguing that from the undisputed facts different inferences may be drawn, cites no case from Louisiana which supports or tends to support his contention that on facts such as these, plaintiff's injuries would not have been compensable. In default of such cases and notwithstanding the fact that compensation statutes and the decisions under them very widely in the different states, he contents himself with citing cases from other states and quoting briefly from them.

On the other hand, appellee, stressing the fact that the Workmen's Compensation laws of the several states are interpreted with varying degrees of liberality and insisting that none of the cases appellant cites from other states would bar coverage under the facts of this case, insists, quite correctly we think, that under the facts of this case and the controlling Louisiana decisions, the claim asserted here, that the employer can be made to stand in judgment both under the compensation statutes and in tort for damages, is little short of fantastic. The accident in this case did not happen while appellant was off the premises of the employer or while he was eating his lunch or while he was pursuing his own recreation or pleasure. It did not happen after he had reached the lunchroom or some other place provided for such purposes. The cause of the accident was not one unconnected with the employment. To the contrary, the accident

---

3. Shields v. American Motorists Ins. Co., D.C., 157 F.Supp. 520.

4. From the deposition of plaintiff:

(1) When the whistle blew at 12:00 o'clock, appellant left his place of work and walked towards the cafeteria, approximately three blocks away.

(2) The cafeteria was within the entrance gate of the shipyard and within the same enclosure where the mold loft where appellant worked was located.

(3) Appellant was walking down a walkway, which was the means of reaching the cafeteria.

(4) In the "grand rush", as appellant puts it, there being 25 or 30 men ahead of him, he could not see some pipes which were part of the walkway, and slipped on them and injured himself.

From the deposition of Moore:

(1) The cafeteria was owned by the shipyard and was on the shipyard property.

(2) The shipyard maintained the cafeteria through a lessee for the joint convenience of the company and of the employees, so that the employees would not have to leave the shipyard.

happened on the employer's premises while he was on his regular and usual way from his particular place of work to the lunchroom. It was due specifically to his tripping over the employer's pipes on the walkway provided by the employer. The fact that there were other ways to reach the lunchroom is immaterial since the path selected was one of such ways and the one apparently chosen by a large number of employees, since appellant states there were twenty-five or thirty men ahead of him. The reason why appellant did not see the pipes, he says, was because of the "grand rush" which involved him in the closely packed group making its way to the cafeteria and prevented him from seeing the obstacle.

Under facts such as are shown without dispute in this case, we think, in the light of the decisions cited in the margin,[5] any other judgment than the one that was entered below is inconceivable.

■■ It is true in Louisiana as elsewhere that whether an injury occurred in the scope and course of the employment so as to make it compensable must be determined case by case. It is also true in Louisiana, though not always elsewhere that workmen's compensation statutes are liberally construed in favor of coverage and that a basic inquiry in determining coverage in Louisiana, that is whether injury to a workman arises out of and in the course of his employment, is whether the nature of the employment was such that the risk from which the injury resulted was greater for the workman than a person not engaged in the employment. This was reflected in the earlier holding of Ward v. Standard Lumber Co., 4 La.App. 89, where an employee was injured by being struck by an automobile while crossing the road adjacent to the premises where he was working while on his way to lunch. The court found that the risk of

crossing was produced by the employment and the case was compensable. This holding has been followed in similar cases down to the present day. Louisiana Workmen's Compensation Law and Practice, Malone, par. 172, page 201. Cf. O'Connor v. American Mutual Liability Ins. Co., La.App., 87 So.2d 16. Perhaps the best discussion in the Louisiana cases of the question of coverage is to be found in Edwards v. Louisiana Forestry Commission, 221 La. 818, 60 So.2d 449, 450. There, quoting from the Myers case, 74 So. 258:

"After vain attempts at formulating some verbal test for determining when the injury has or has not arisen out of the employment, the courts have come to the conclusion that each case must be determined from its own facts; that the question cannot be solved by phrases."

the court goes on to say:

"These pronouncements reflect the modern judicial concept of compensation legislation, which is based on the premise that the phrase 'arising out of the employment' does not have the same connotation as the common law 'scope of employment,' the interpretation earlier attributed to it, but means, instead, the employment viewed from any aspect—its nature, conditions, obligations, and incidents. They lend emphasis to the growing recognition of the fact that judicial interpretation of these acts creating liability irrespective of fault in the light of common law liability predicated on fault hedges this humanitarian legislation about with the very restrictions it sought to circumvent and abolish, and nullifies the underlying insurance principle inherent in this industrial compensation. * * *"

Other cases illustrating the same liberal viewpoint in the construction and appli-

---

5. LeBourgeois v. Lyon Lumber Co., 6 La. App. 216; Myers v. Louisiana Railway & Navigation Co., 140 La. 937, 74 So. 256; Ward v. Standard Lumber Co., 4 La.App. 89; Louisiana Workmen's Com-

pensation Law and Practice by Malone, Par. 172, page 201; Livingston v. Henry & Hall, 59 So.2d 892; Rosenquist v. New Amsterdam Cas. Co., La.App., 78 So.2d 225.

cation of the Louisiana Workmen's Compensation Act are Meyers v. Southwest Region Conference Ass'n of Seventh Day Adventists, 230 La. 310, 88 So.2d 381; Humphrey v. Marquette Cas. Co., 235 La. 355, 103 So.2d 895; Dobson v. Standard Acc. Ins. Co., 228 La. 837, 84 So.2d 210; and Stepan v. Louisiana, La.App., 73 So.2d 18.

The judgment is affirmed.