Robert HUGHES
v.
Leonard CHITTY, d/b/a Tideland Towing Company et al.
No. 7689.

United States District Court
E. D. Louisiana,
New Orleans Division.
April 9, 1968.

See also, D.C., 257 F.Supp. 45.

Owen J. Bradley, Plotkin, Sapir, Bradley & Krasnoff, New Orleans, La., for plaintiff.

Monte J. Ducote, Schoemann, Gomes & Ducote, New Orleans, La., for defendants.

COMISKEY, District Judge.

### MEMORANDUM OF DECISION

This is a motion by the defendants, Ernest L. Canulette,[1] Charles W. Wall, Sr.,[2] and Employers Mutual Liability Insurance Company of Wisconsin[3] to dismiss and/or for summary judgment under the provisions of Rule 12(b) of the Federal Rules of Civil Procedure. The motion is directed against the supplemental libel of plaintiff, Robert Hughes.

The plaintiff, Hughes, was employed as a carpenter for M & W Marine Ways, Inc., which was engaged in the business of repairing various types of watercraft. M & W had been engaged to perform general overhaul and repair work to the tugboat "TIDELAND" which was owned by Leonard Chitty.

The "TIDELAND" was swamped and capsized in the Mississippi River on

---

1. Ernest L. Canulette was sued as an officer of M & W Marine Ways Inc. He was employed at the time of the accident as Operations Manager.

2. Charles W. Wall, Sr. was sued as an executive officer and stockholder of M & W Marine Ways Inc.

3. Employers Mutual Liability Insurance Company of Wisconsin was sued as the insurer under a general liability policy which covered the executive officers and stockholders of M & W Marine Ways Inc.

August 18, 1964 near New Orleans. It sunk to the bottom of the river where it remained until October 1964, when it was raised and taken to M & W repair facilities to commence the overhaul work. On October 14, 1964, the plaintiff, Hughes, went aboard the "TIDELAND" to engage in the work of his employer, when an explosion occurred causing his injuries for which he seeks damages. The tug, at the time of the explosion, was docked on the Mississippi River.

At this point in time, all defendants have been dismissed from this action except for Canulette, Wall and Employers Mutual Liability Insurance Company of Wisconsin. In a summary judgment granted in favor of Leonard Chitty, d/b/a Tideland Towing Company on February 4, 1966 made final on May 11, 1966, Judge Ainsworth concluded that the vessel was out of navigation, hence no unseaworthiness claim could lie. He also concluded that the shipowner was not negligent, thus defeating all other causes of action that plaintiff might have had against the shipowner.

█ It is clear that the injury suffered by the plaintiff was the result of a maritime contract and occurred over navigable waters of the Mississippi. It is well settled that a contract to repair a vessel is maritime. North Pacific Steamship Co. v. Hall Brothers Marine Railway & Shipbuilding Co., 249 U.S. 119, 39 S.Ct. 221, 63 L.Ed. 510 (1910). Hence, admiralty jurisdiction attaches, and the only question raised by the plaintiff in this regard is whether the Longshoremen's and Harbor Workers' Act has concurrent jurisdiction with Louisiana Workmen's Compensation Act [4] so that the plaintiff has an election. Or put another way, is this accident in the "twilight zone" defined in Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1939) by Mr. Justice Black but limited by Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962). The limitation imposed by *Calbeck* was after a complete historical analysis of the Longshoremen's Act. The Court speaking through Mr. Justice Brennan in *Calbeck* said, "Our conclusion is that Congress invoked its constitutional power so as to provide compensation for all injuries sustained by employees on navigable waters whether or not a particular injury might also have been within the constitutional reach of a state workmen's compensation law." Furthermore, he said " * * * the Acts adoption of Jensen line between admiralty and state jurisdiction as the limit of federal coverage included no exception for matters of 'local concern' ". The *Calbeck* decision has been subject to wide discussion both in the case law and the legal journals.[5] The Fifth Circuit immediately after *Calbeck* in Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc., 306 F.2d 369 held that where it is clearly an admiralty jurisdictional injury the federal remedy is mandatory.[6]

4. See generally La.R.S. 23:1 et seq.

5. See Gainsburgh and Fallon "Calbeck v. Travelers Insurance Co. 'The Twilight's Last Gleaming?' " 37 Tul.L.R. 79 (1962) ; also Buc, Admiralty Law in the Fifth Circuit—A Compendium for Practitioners, 4 Houston L.Rev. 347, 378–384 (1966) ; also Gisevius and Leppert, Maritime Injury Problems : Admiralty versus State Jurisdiction, 12 Loyola L.Rev. 57 (1965–66).

6. 306 F.2d 369 at page 372, Judge Wisdom says "[the] (twilight zone) doctrine does not give every injured water front worker freedom to choose the more generous compensation statute. Where admiralty jurisdiction is clearly present the federal remedy is mandatory. And where there is a total absence of admiralty jurisdiction the worker must of course seek relief under the state law. But when the case is on the borderline the worker is entitled to seek relief under either his state law or the federal law * * *"; Also see where the N.J. Supreme Court held that even though injured employee received benefits under the Longshoremen's Act where there was apparent clear admiralty jurisdiction, the injured employee could also receive benefits under the State Act based on the outmoded "local concern" doctrine. See Hansen v. Perth Amboy Dry Dock Co., 48 N.J. 389, 226 A.2d 4 (1967) ; Szumski v. Dale Boat Yards, Inc., 48 N.J. 401, 226 A.2d 11 (1967).

■ It is our conclusion that where injury occurred on a vessel in navigable waters while engaged in a maritime contract of repairing a vessel out of navigation, then admiralty jurisdiction attaches and the injured employee's mandatory remedy is under the Longshoremen's and Harbor Workers' Compensation Act.

■ The plaintiff, Hughes, is attempting to hold defendant Wall, Canulette and their liability insurer for the damages sustained. Under the provision of 33 U.S.C.A. § 905 [7] the exclusive liability of the employer shall be compensation under this act. Also under 33 U.S.C.A. § 933(i),[8] as amended 1959, fellow workers including officers are immune under the act from suit by injured employees, however they may still have a right of action against third parties. This is made crystal clear by looking to the Congressional intent under the amended provisions: [9]

"The other major provision of the bill relates to immunization of fellow employees against damage suits. The rationale of this change in the law is that when an employee goes to work in a hazardous industry he encounters two risks. First, the risks inherent in the hazardous work and second, the risk that he might negligently hurt someone else and thereby incur a large common-law damage liability. While it is true that this provision limits an employee's rights, it would at the same time expand them by immunizing him against suits where he negligently injures a fellow worker. It simply means that rights and liabilities arising within the 'employee family' will be settled within the framework of the Longshoremen's and Harbor Workers' Compensation Act."

Therefore, if we accept admiralty jurisdiction and the injured parties remedy as the Longshoremen's Act, it becomes manifest that the exclusive remedy provisions of the Act would exclude this action against defendant Wall, an officer of the employer, M & W, and defendant, Canulette, the operations officer of the employer. So with regard to these two defendants the motion to dismiss should be granted.

■ But the plaintiff maintains that this action against the insured under the Direct Action Statute of Louisiana [10]

---

7. 33 U.S.C.A. § 905 reads as follows: "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee. Mar. 4, 1927, c. 509, § 5, 44 Stat. 1426."

8. 33 U.S.C.A. § 933(i) reads as follows: "The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: Provided, That this provision shall not affect the liability of a person other than an officer or employee of the employer. As amended Aug. 18, 1959, Pub.L. 86–171, 73 Stat. 391.

9. U.S.Code Congressional and Administrative News 86th Congress, First Session 1959 Volume 2, pages 2135–2136.

10. La.R.S. 22:655 reads in full: "No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment

738

creates a separate and distinct right of action in favor of an injured party [11] and that the immunity granted by the Longshoremen's Act is in the nature of a personal defense unavailable to insurer. A search of the jurisprudence has revealed no case on point to support this proposition and the plaintiff admits this is *res novo* with regard to the Longshoremen's Act.

The insurance policy is a "Comprehensive General Liability Policy" which includes as named insured "any executive officer, director or stockholder thereof while acting within the scope of his duties as such" and under its exclusions is included "any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;" because Workmen's Compensation is provided under a separate policy, it is maintained that this action would not come under this provision.

In support of plaintiff's position, In re Independent Towing Co., 242 F.Supp. 950 (E.D.La.1965) is cited, referred to here as ITCO. In ITCO the question before the court was whether the statutory provision limiting liability of a vessel owner to the amount of the vessel was a personal defense unavailable to an insurer who received a premium under a contract of insurance for liability coverage. The court concluded that it was a personal defense available only to the shipowner and the apparent benefits cannot be urged or asserted by the liability insurer. At page 954 the ITCO court said:

"Since equity traditionally has been concerned with those mitigating circumstances more or less personal in nature which involve one individual's relations vis-a-vis another, it then follows that limitation, as 'the administration of equity in admiralty" is a proceeding in personam which evokes defenses personal in nature. Therefore, as a defensive action, in personam a petition for exoneration from or limitation of liability is the assertion of a personal defense."

In ITCO the Louisiana Direct Action Statute was the vehicle used to hold the insurer as in the case at bar, and the court concluded that it has been consistently held to deprive insurers or underwriters of the insured's personal defenses. Personal defenses held not to be

which may be rendered against the insured for which the insurer is liable which shall have become executory shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer. The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this State. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this State."

11. See Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1956).

available to insurers as a defense are such as lunacy, minority, bankruptcy, governmental immunity, charitable immunity, interspousal immunity and family immunity.

However, if we conclude that this defense is unavailable to the insurer defendant, we would in substance be creating a new remedy for injured employees in actions not only against fellow workers, but also against employers. Such a position would clearly contravene the exclusiveness provided by the Longshoremen's and Harbor Workers' Compensation Act and therefore permit a state statute with regard to insurance to be in derogation of the statutory grant of general maritime jurisdiction. It would also be in violation of Congressional intent as quoted supra and manifested by the amended provision of 33 U.S.C.A. § 933 (i). Where Congress has clearly enacted a statute granting limited remedies to injured parties on navigable waters involved in maritime contracts, it is Congress, not the courts, who should make any changes giving additional remedies.[12]

Consequently, we find that the exclusiveness of remedy available to the plaintiff, Hughes, under the Longshoremen's and Harbor Workers' Compensation Act bars this suit against the defendant insurance carrier and therefore the defendant Employers Mutual Liability Insurance Company of Wisconsin can avail itself of this defense.

12. Compare Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La.App. 2nd Cir. 1939) where a suit was brought against the insurer of the statutory employer for damages in tort under the public liability insurance contract where the court held " * * * [the] plaintiff's claim against the United Gas Company is not well founded in law, for the reason the law provides that her sole and exclusive right is to claim compensation. There is no relative incapacity of the plaintiff to sue the insured, United Gas Company, and there is no relative immunity of the insured against being sued by plaintiff. The law only defines the kind of suit she

Hence for the reasons stated above, we grant to the defendants, Wall, Canulette and Employers Mutual Liability Insurance Company of Wisconsin, the motion to dismiss.

may bring against the insured, the same as it defines the kind of action that can be brought under any other given state of facts. * * *

* * * the insurer and the insured are referred to as being liable in solido if the insured becomes liable for a claim for damages. But in such case the insurer is like the principle debtor, and if the claim against the insured is not well founded in law, the insurer is not liable. *We are convinced the casualty company has the legal right to urge the same defense urged here by the insured,* * * * ".
(Emphasis added)