**294**

In re Walter Leroy McGETRICK and
Murelene McGetrick, Debtors.

Kenneth L. McDONALD, Trustee,
Plaintiff,

v.

SECURITY NATIONAL BANK AND
TRUST COMPANY OF
NORMAN, Defendant.

Bankruptcy No. Bk–82–01452.

Adv. No. 82–0513.

United States Bankruptcy Court,
W.D. Oklahoma.

June 18, 1983.

Richard R. Bailey, of McClelland, Collins,
Bailey, Bailey & Manchester, Oklahoma
City, Okl., for trustee.

Rebecca J. Patten, of English, Patten &
Deatherage, Norman, Okl., for Sec. Nat.
Bank and Trust Co. of Norman, Oklahoma.

MEMORANDUM DECISION

RICHARD L. BOHANON, Bankruptcy
Judge.

This adversary proceeding has been
brought by the trustee to avoid the lien of
Security National Bank and Trust Company
of Norman on two vehicles once owned by
the debtors. The items in question are two
car haulers which admittedly were held for
sale, but were also used by the debtor in its
business as a used car dealer. The Bank
perfected its security interest in the haulers
by filing a financing statement centrally
with the Oklahoma County Clerk pursuant
to 12A O.S.1981 § 9–302. The trustee ar-
gues that this was improper perfection
since the Bank failed to follow the proce-
dures outlined in 47 O.S.1981 § 23.2b re-
ferred to as Oklahoma's Certificate of Title
Statute. Therefore, alleges the trustee, he
may avoid the lien of the Bank under 11
U.S.C. § 544(b). We must decide whether,
under the facts which follow, the haulers
were "held for sale or lease by a dealer"
and therefore subject to perfection require-
ments of the Uniform Commercial Code or
whether the Certificate of Title Statute
controls as regards perfection.

The essential facts are:

1. Prior to filing their Chapter 7 peti-
tion the debtors were in the used car
business under the name of "McGetrick
Used Cars". Their petition was filed on
August 4, 1982.

2. In January, 1980, one of the debt-
ors, Walter L. McGetrick, executed a

written financing statement granting to the bank a security interest in all motor vehicles, including a car hauler, then owned or after acquired for the purpose of securing existing indebtedness and credit for future advancements. The Bank perfected its security interest under the Uniform Commercial Code by filing in the office of the Oklahoma County Clerk in January, 1980.

3. In May, 1981, the debtor executed a promissory note and security agreement with the Bank by which he promised to repay some $15,000 and granted a security interest in a 1981 GMC Car Hauler and also perfected under the Uniform Commercial Code.

4. The value of the car haulers is less than the debt owed to the Bank, and they are security for the total indebtedness.

5. The debtor was in the used car business and bought and sold motor vehicles.

6. In addition to holding the car haulers out for sale or lease, the debtor occasionally used them in his business.

█ Under the Bankruptcy Code a trustee may avoid any transfer of an interest of the debtor in property against a creditor holding an unsecured claim. 11 U.S.C. § 544(b). The determination whether the creditor acquires a lien valid against a trustee's lien creditor status is made according to state law. *General Motors Acceptance Corporation v. Smith,* 377 F.2d 271 (4th Cir.1967).

In Oklahoma a security interest in motor vehicles ordinarily is perfected under 47 O.S.1981 § 23.2b(A)(1) which provides in pertinent part:

*"Except for a security interest in vehicles held by a dealer for sale or lease ... a* security interest ... in a vehicle as to which a certificate of title may be properly issued by the Tax Commission shall be perfected only when a lien entry form ... and the existing certificate of title, if any, or application for a certificate of title and manufacturer's certificate of origin containing the name and address of the secured party and the date of the security agreement and the required fee are delivered to the Oklahoma Tax Commission or one of its motor license agents." (emphasis added)

"Dealer" is defined in Oklahoma as "[e]very person engaged in the business of buying, selling or exchanging vehicles of a type to be registered hereunder and who has an established place of business for such purposes in this state." 47 O.S.1981 § 1–112. Under this definition there is little doubt that the debtor was a "dealer".

Oklahoma's Certificate of Title Statute has been excepted from regular Uniform Commercial Code provisions. However, perfection under the UCC does apply to motor vehicles which are "held by a dealer for sale or lease". In that event perfection of a security interest is controlled by 12A O.S.1981 § 9–302 which states:

(3) The filing of a financing statement otherwise required by this Article is not necessary or effective to perfect a security interest in property subject to:

. . . .

(b) a statute of this state which provides for central filing of, or which requires indication or delivery for indication on a certificate of title of, such security interests in such property; but during any period in which collateral is inventory held for sale by a person who is in the business of selling goods of that kind, the filing provisions of this Article ... apply to a security interest in that collateral created by him as debtor;

. . . .

It is obvious from these two statutes that they are mutually exclusive depending on whether the vehicle is held by a dealer for sale or lease. In one instance the UCC provisions apply while under different circumstances the Certificate of Title Statute applies. *See* Op.Att'y Gen. 79–220 (June 28, 1979).

█ It is not disputed that the debtor held these vehicles for sale or lease during the relevant period. The controversy only arises because the haulers were also used as

part of the business operation. We are then concerned with whether this incidental use by the debtor changes the character of the vehicles from items held for sale or lease into personal property of the business debtor requiring perfection by lien entry form under § 23.2b.

There are few decisions arising under similar facts. It is unquestioned that the two haulers were held for sale by the debtor. Not only were they held for sale on the car lot, but at least one has been the subject of an unsuccessful auction, and both were insured under the same arrangements as other vehicles held for sale. While the trustee never disputes that these items were held out for sale, he seeks to escape the consequences of the perfection provisions by asserting that they were on occasion used in the business operation. However, such incidental use of the haulers is not enough to bring them under 47 O.S.1981 § 23.2b. *See First National Bank & Trust Company of Augusta v. Smithloff,* 119 Ga.App. 284, 167 S.E.2d 190 (1969). This Court is not persuaded that the haulers were primarily or even significantly used in the operation of the business. It would be unfair to force the Bank to guess what status to give the haulers for purposes of perfection. Since they were held out for sale the Bank was correct in assuming they were part of the debtor's inventory. We think this holding simplifies the means by which creditors may protect themselves in cases where an item may have a dual character. *C.f., Hughes v. Chitty,* 283 F.Supp. 734 (D.La. 1968). The purpose of perfection statutes is to place others on notice of a specific lien against an item of property, and not to shield a party with technicalities.

Accordingly, we hold that the two haulers were held by a dealer as inventory for sale or lease within the contemplation of the filing provisions of 12A O.S.1981 § 9–302; and the Bank properly perfected its security interest in them by its filing, and the trustee has an inferior interest.

It is therefore the Court's judgment that the application of the trustee be denied and that the trustee abandon the vehicles under 11 U.S.C. § 554 as requested by the bank.

Pursuant to B.R. 752 this Memorandum Decision constitutes the findings of fact and conclusions of law.

Judgment will be entered separately.