## AMERICAN NAT. INS. CO. v. O'NEAL et al.

### No. 10058.

Court of Civil Appeals of Texas.
San Antonio.

May 26, 1937.

Rehearing Granted June 30, 1937.
Further Rehearing Denied July 28, 1937.

Lorimer, Brown & Davis, of Harlingen, for appellant.

Leroy H. Buss, of Donna, and T. M. West and C. S. Arnold, both of San Antonio, for appellees.

MURRAY, Justice.

This is a companion case to cause No. 9918, styled American National Insurance Company v. J. L. Kennedy et al., decided by this court on January 27, 1937, and reported in 101 S.W.(2d) 825.

Appellees, H. L. O'Neal and Alberta O'Neal, husband and wife, instituted this suit against appellant, American National Insurance Company, a private corporation, seeking to recover damages for injuries sustained by Mrs. Alberta O'Neal when a car in which she was riding collided with a car driven by one R. L. Wilson, who was an employee of appellant, American National Insurance Company. The same collision and negligence is involved in this case as was involved in the Kennedy Case.

The trial was before a jury, and judgment was entered based upon the jury's answers to special issues permitting a recovery against the Insurance Company in the aggregate sum of $996, from which judgment the American National Insurance Company has prosecuted this appeal.

The controlling question here is whether or not the insurance company was liable for the negligence of its employee, Wilson, who was proceeding to the city of McAllen, in obedience to orders of the company at the time of the collision.

We will not here attempt to set out all of the facts, as they are fully stated in the Kennedy Case. Wilson was employed by appellant Insurance Company as an inspector. It was his duty to go to the several offices of the company and there make inspections.

On February 5, 1935, Wilson had spent the previous night at the home of his mother-in-law at Weslaco, and was traveling in his own car to McAllen when the collision occurred. Wilson was going to McAllen for the purpose of performing certain duties pertaining to his employment with the Insurance Company. The Insurance Company allowed Wilson traveling expenses equivalent to railroad fare, but the record is silent as to whether or not there was any understanding as to how Wilson should travel.

It occurs to us that where an employer does not require its employees to use any particular means of travel in coming to their place of employment or returning therefrom, such employee is not engaged in the furtherance of his master's business so as to render the master responsible for the negligence of such employee while so engaged. If the rule of respondeat superior should be so extended to cover such cases, then the employer would be responsible for all acts of negligence of all of his employees while they were going to their work in the morning or returning home after working hours in the evening. Thus a large department store with several hundred employees would be called upon to answer for all acts of negligence of its employees while going

to or returning from their work. There could be no distinction whether the employee lived one mile or one hundred miles from the place of his employment.

That the Supreme Court of this state has no intention of so extending the doctrine of respondeat superior is indicated by the very recent opinion of Smith v. Texas Emp. Ins. Assn., 105 S.W.(2d) 192, decided May 12, 1937, but not yet reported [in State report], affirming opinion of the Court of Civil Appeals, 75 S.W.(2d) 732.

For the reasons stated in the Kennedy Case, as well as those herein set forth, the judgment will be reversed and judgment here rendered that appellees take nothing, and pay all costs of the litigation.

Reversed and rendered.

## On Motion for Rehearing.

On June 23, 1937, this court overruled appellees' motion herein for a rehearing. On that same date the Supreme Court, acting through the Commission of Appeals, rendered a decision in J. L. Kennedy v. American National Insurance Company, 107 S.W.(2d) 364, a companion case to the one at bar, in which it is held that the justice of the case demands another trial.

Accordingly, our judgment overruling appellees' motion for a rehearing will be set aside, as well as that part of our original judgment, which rendered the case in appellant's favor, and this cause will be remanded for a new trial.

To this extent, appellees' motion for a rehearing will be granted.