Vivian LEVIN
v.
F. Stuart TAYLOR, Jr., Appellant.

Sarah Jane TEIFER
v.
F. Stuart TAYLOR, Jr., Appellant,
Vivian Levin.

Nos. 24889, 24890.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 1, 1972.

Decided May 19, 1972.

Rehearing Denied June 14, 1972.

Mr. Wade J. Gallagher, with whom Messrs. Richard W. Galiher, William H. Clarke, Frank J. Martell and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Darryl L. Wyland, Washington, D. C., for appellees.

Mr. William E. O'Neill, Jr., Washington, D. C., entered an appearance for appellee Sarah Jane Teifer in No. 24890.

Before McGOWAN and ROBB, Circuit Judges, and JAMES F. GORDON,* Chief Judge, U. S. District Court for the Western District of Kentucky.

JAMES F. GORDON, Chief Judge:

On January 15, 1965, Appellees Vivian Levin and Sarah Jean Teifer, owner-operator and passenger, respectively, were involved in an automobile collision with a vehicle driven by Appellant F. Stuart Taylor, Jr., then and now an employee of the United States government. Separate personal injury actions by the Appellees

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1970).

against Appellant Taylor were subsequently filed.

This matter now reaches us as a consolidated Interlocutory Appeal [1] from an order of the District Court denying the motion of the United States that it be substituted as the party defendant, in lieu of Appellant Taylor, pursuant to 28 U.S.C. § 2679(b) which reads as follows:

> The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

█ The District Judge, correctly understanding that the government's motion did not achieve automatic substitution of the United States as the party defendant, set the matter for evidentiary hearing to ascertain the facts relative to Taylor's acting within the "scope of his employment" at the time of the accident. Appellees erroneously contended the issue of "scope of employment" was a jury issue and the trial Judge properly overruled that assertion and proceeded to proof for the resolution of such issue himself as a matter of law. Jones v. Polishuk, 252 F.Supp. 752 (D. C.Tenn.).

█ The evidence adduced upon hearing may be fairly summed up as reflecting that at the time in question Appellant Taylor, as a General Services Administration building's manager, was operationally responsible for certain government buildings. That on the morning of January 15, 1965, Taylor received an emergency call advising him of boiler difficulties in one of his responsibility buildings located some ten (10) blocks distant from his office. Without summoning government transportation, which was available to him upon request if not then otherwise in use, Taylor drove his personal vehicle to the site and supervised the repairs for approximately one hour. Upon driving from the building to return to his regular station, but while still within the parking area, the accident in question occurred. Taylor did not report the accident to his government superiors, saying he was not aware of any government involvement; he did, however, report the accident to his own insurance carrier, though he had never advised his carrier of the use of his personal vehicle in the course of his employment. Further, Taylor had never made a federal income tax deduction for use of his vehicle in the course of his employment, nor had he ever made any mileage reimbursement request against the government for such use. Taylor is not required, as a condition of his employment, to insure his personal vehicle for use on government work.

Appellant's present superior testified that it was the policy of General Services Administration for building managers to respond to "hurry-up" situations by use of personal transportation as often government vehicles are not available for use and that such was a frequent practice.

Further, another superior of Appellant stated by affidavit (Appendix 10) that Taylor was authorized to use his personal vehicle "as necessary when government transportation was not available" and that at the time in question Taylor was using his vehicle in the scope of his employment.[2]

The District Judge considered the above to be an insufficient showing Appellant was "working under the scope of

1. 28 U.S.C. § 1292(b).

2. It should be noted here that at the hearing Appellee offered no evidence, oral or documentary, on the issue of scope of employment.

employment." From the evidence existing here, we find it to be undisputed that Appellant Taylor was acting within the scope of his employment when the accident occurred.

Accordingly, the ruling of the District Court is reversed with direction that this action be dismissed as to Appellant Taylor and the United States be substituted as Defendant in each of the personal injury actions brought by Appellees.

So ordered.