David Bryce LONDON, Appellant,

v.

TEXAS POWER & LIGHT
CO., Appellee.

No. 20742.

Court of Civil Appeals of Texas,
Dallas.

June 23, 1981.

Michael R. Millican, Millican & Waldrep, Richardson, for appellant.

Robert H. Roeder, McKinney, for appellee.

Before ROBERTSON, CARVER and STEPHENS, JJ.

STEPHENS, Justice.

This is a wrongful death case arising out of an automobile accident. David Bryce London, plaintiff, sued Larry Edmond Martin and Texas Power & Light Company. Texas Power & Light was awarded summary judgment on the grounds that Larry Edmond Martin, its employee, was not acting within the course and scope of his employment at the time and on the occasion of the accident. The sole question presented is whether mileage compensation, paid by the employer, places the employee in the course and scope of employment while traveling to and from a temporary work site in the employee's automobile. We hold that it does not, and therefore, appellant's summary judgment evidence raises no genuine issue as to a material fact, and we, therefore, affirm.

Martin, a resident of Blue Ridge, Texas, was an employee of Texas Power & Light, who regularly worked at TP&L's generating station located at Frisco, Texas. For some three months prior to the date of the accident in question, Martin had been assigned to temporary duty at TP&L's Lake Savoy Plant, in Savoy, Texas. Although Savoy, Texas, was closer to Martin's home at Blue Ridge, Texas, TP&L had agreed to pay mileage from the Frisco Plant to the Savoy Plant while Martin was on this temporary duty. On the morning of March 5, 1979, while driving his own vehicle enroute to the Savoy Plant, Martin was involved in a collision with a vehicle driven by London, resulting in the death of London's wife. London sued Martin and TP&L, contending that Martin's negligence was the proximate cause of his wife's death, and that at the time of the accident Martin was acting within the course and scope of his employment as an employee of TP&L. ALthough it is undisputed that the accident occurred at a time earlier than Martin was required to report for work, London argues that the additional mileage compensation paid Martin by TP&L placed Martin within the course and scope of his employment from the time he left home until the time he arrived at work.

Appellant's sole point of error complains that the trial court erred in granting summary judgment for TP&L because a genuine issue of material fact existed as to whether defendant Martin was acting within the course and scope of his employment for TP&L.

TP&L's summary judgment evidence consisted of the depositions on file and an affidavit by Mr. R. T. Craig, who is also an employee of TP&L, and who was the immediate supervisor of Martin. The affidavit was clear and unequivocal that Martin's employment began each day at 8:00 a. m. when he arrived at the Savoy Plant; that TP&L did not furnish transportation to Martin from his home to the job site; that at the time of the accident Martin was not driving a vehicle owned by TP&L; that TP&L neither directs what manner of transportation Martin uses to arrive at the job site, nor the particular route he shall take, nor the method and mode of operation of the vehicle; and finally that the accident occurred at a time when Martin was not on duty for TP&L.

These same facts were borne out by Martin's deposition, which showed that on the date of the collision Martin was not carrying or transporting any other employees of TP&L to the job; that he was not transporting any tools or equipment to the job site; that he made no stops on behalf of his employer TP&L, from the time he left home that morning until the time of the collision; that he never used his vehicle in connection with his employment with TP&L; and that the mileage compensation paid for the mileage from the Frisco Plant to the Savoy Plant was in lieu of motel expenses for those employees of TP&L who wished to live close to the job site.

The general rule in Texas is that an employee is not considered in the course and scope of his employment while driving his own vehicle to and from his place of

work, absent other factors. *Barr v. Colorado Interstate Gas Co.*, 217 F.2d 85 (5th Cir. 1954); *Kennedy v. American National Insurance Co.*, 130 Tex. 155, 107 S.W.2d 364 (1937); *Norvell Service Co. v. Spell*, 288 S.W.2d 133 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.); *Fountain v. Walker*, 260 S.W.2d 717 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.); *Antilley v. Jennings*, 183 S.W.2d 982 (Tex.Civ.App.—Eastland 1944, writ ref'd); *American National Insurance Co. v. O'Neal*, 107 S.W.2d 927 (Tex.Civ.App.—San Antonio 1937, no writ). In such cases there are requisites that must be met to place an employee in the course and scope of employment. The test of a master's liability for the negligent acts of his servant is whether at the time and occasion in question, the master has the right and power to direct and control the servant in the performance of the causal act or omission at the very instance of its occurrence. *Parmlee v. Texas & New Orleans Railroad Co.*, 381 S.W.2d 90 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). Stated another way, for an act to be within the course and scope of a servant's employment, it is necessary that it be done within the general authority of the master in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. *Thompson v. B. B. Saxon Co.*, 472 S.W.2d 325 (Tex.Civ.App.—San Antonio 1971, no writ).

Facts similar to the case at bar were present in *American National Insurance Co. v. O'Neal*, 107 S.W.2d 927 (Tex.Civ.App.—San Antonio 1937, no writ). There the employee traveled to various offices of the employer to make inspections. He was paid traveling expenses equivalent to railroad fare, and there was no evidence as to any direction or control by the employer as to how he should travel. The court reasoned that when an employer does not require any particular means of travel, the employee is not engaged in the furtherance of the master's business so as to render the master responsible for the negligence of such employee while so traveling.

In the instant case, Martin was neither directed as to what manner of transportation he was to use to get to the temporary job site, nor was he directed what route to take. Consequently, we hold that notwithstanding the mileage allowance, TP&L's undisputed summary judgment evidence was conclusive that Martin was not acting within the course and scope of his employment at the time and on the occasion of the accident in question.

Affirmed.