Doris M. **CALDER**, Plaintiff-Appellee,

v.

Max D. **CRALL** and Sgt. Terry L. **Earl**, Defendants-Appellants.

Nos. 83–3744, 83–3782.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1984.

Decided Feb. 24, 1984.

Larry Kuznetz, Powell & Morris, Spokane, Wash., for plaintiff-appellee.

Dennis W. Clayton, Spokane, Wash., Jenny A. Sternbach, Barbara L. Herwig, Washington, D.C., for defendants-appellants.

Before WRIGHT, TANG and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Max D. Crall (Crall) and Sgt. Terry L. Earl (Earl) appeal a judgment awarding personal injury damages to Doris M. Calder (Calder). We reverse the judgment, because we find that Calder's action is barred by the exclusivity provision of the Long-

shoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 933(i).

## FACTS

On March 27, 1975, at the time of the injury, Calder was employed by the Army and Air Force Exchange Service (AAFES) as a cashier at the Base Exchange Cafeteria at Fairchild Air Force Base, located in Spokane, Washington. Earl was a non-commissioned officer on active duty with the Air Force, assigned to Fairchild Air Force Base. Earl was ordered to post disaster shelter signs at various locations on the base. Crall, a civilian carpenter employed at the base, was assigned to assist Earl in posting the signs.

In order to post the metal shelter signs, Crall obtained a Ram-Set fastener gun from the base carpentry shop. The gun, activated by a .22 caliber shell, blasts a steel nail into concrete, steel or wood. When Crall and Earl were posting a shelter sign on an interior wall of the Base Operations Building, a nail from the gun penetrated the wall and struck Calder in the leg. Calder was treated for her injuries and received compensation under the LHWCA.

Calder brought a personal injury action against Crall and Earl[1] in Spokane County Superior Court for the State of Washington. The action was removed to federal district court pursuant to 28 U.S.C. § 1441. Crall and Earl moved to dismiss Calder's action on the ground that compensation under the LHWCA was her exclusive remedy.[2] Their motions were denied. Following trial, the jury returned a verdict in favor of Calder.

## ANALYSIS

### I.

Calder, at the time of her injury, was an AAFES employee. The AAFES is a nonappropriated fund instrumentality (NAFI).

---

1. At the close of the federal district court trial, a third defendant, Orville Lopp, Crall's supervisor, was granted a directed verdict.

2. Earl also contended that Calder's claim was barred by *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). As we find that the LHWCA bars her claim, we do not reach the *Feres* doctrine issue.

The activities of a NAFI are not funded by congressional appropriation. Thus, the salaries and workers' compensation benefits of NAFI employees are paid out of the earnings generated by the activities of the NAFI. Congress, even though it does not provide funding for NAFIs, requires NAFI employees to be compensated for work injuries under the LHWCA. 5 U.S.C. § 8171.

> The LHWCA includes an exclusivity provision as follows: The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: *Provided,* That this provision shall not affect the liability of a person other than an officer or employee of the employer.

33 U.S.C. § 933(i). Whether the phrase "persons in the same employ" includes armed forces employees other than employees of the Army and Air Force Exchange Service (AAFES) is a question of law subject to *de novo* review on appeal.

The district court limited "persons in the same employ" to persons who are also covered under the LHWCA. Since Crall and Earl are covered by other federal workers' compensation acts, they have no rights under the LHWCA. The district court concluded that, since Crall and Earl were not persons who were entitled to compensation under the LHWCA, they were not "in the same employ" as Calder. Accordingly, the district court held that right to compensation under the LHWCA was not Calder's exclusive remedy for the injury she suffered because of their negligence. The district court erred in applying 20 C.F.R. § 701.301(12) and (13) to the exclusivity provision of the statute (33 U.S.C. § 933(i)).

### II.

In reaching its decision, the district court relied on 20 C.F.R. § 701.301(12) and (13), which define "employee" as one "to whom an injury ... may be the basis for a compensation claim under the LHWCA" and "employer" as one obligated "under the provisions of the LHWCA ... to pay and secure compensation as provided therein."

We begin our analysis by noting that the C.F.R. itself states that these definitions provide "guidance as to the meaning and use of specific terms in the several parts of this subchapter [subchapter A]." 20 C.F.R. § 701.102.

> This subchapter [subchapter A] contains the regulations governing the administration of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) and its direct extensions, the Defense Base Act (DBA), the District of Columbia Workmen's Compensation Act (DCCA), the Outer Continental Shelf Lands Act (OCSLA), and the Nonappropriated Fund Instrumentalities Act (NFIA), and such other amendments and extensions as may hereinafter be enacted.

20 C.F.R. § 701.101. These regulations delineate claims procedures, administrative adjudication procedures for contested claims, medical procedures and insurance authorization procedures. The term employee is used in the regulations to describe persons entitled to receive compensation under the LHWCA. No reference is made in the regulations to those persons who may be immune to suit under the statute. Although the definitions found in 20 C.F.R. § 701.301 are valid for their stated purpose of understanding the administrative regulations of the LHWCA, they do not control the definition of the phrase "persons in the same employ" found in the statute.

The fact that Congress exempted NAFI employees from coverage under the Federal Employees Compensation Act (5 U.S.C. § 2105(c)) and provided coverage under the LHWCA instead does not mean that NAFI employees cannot be considered to be in the same employ as other employees of the United States. Although AAFES employees are not paid out of congressionally appropriated funds, AAFES employees, when performing their official duties, are federal employees. *United States v. Hopkins,* 427 U.S. 123, 128, 96 S.Ct. 2508, 2511–2512, 49 L.Ed.2d 361 (1976) (per curiam); *United*

*States v. Forfari,* 268 F.2d 29 (9th Cir.), cert. denied, 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157 (1959). AAFES employees may not sue the United States in a personal injury action; the LHWCA is their exclusive remedy. 5 U.S.C. § 8173. On the other hand, because AAFES employees are federal employees, the United States may be held liable for their negligence under the Federal Tort Claims Act. H.Rep. No. 91–933, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. and Admin.News 3477, 3478.

Furthermore, the AAFES is an integral part of the military structure. *Standard Oil Co. v. Johnson,* 316 U.S. 481, 485, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611 (1942). The AAFES, a joint command of the Army and Air Force, was established to provide for the welfare of the Army and Air Force pursuant to the general authority Congress granted to the Secretary of the Army and the Secretary of the Air Force. 10 U.S.C. §§ 3012, 8012. The Board of Directors of the AAFES is ultimately responsible to the Secretaries through the Army and Air Force Chiefs of Staff. Army Reg. 60–10, Air Force Reg. 147–7, ¶ 1–5. AAFES provides military personnel and their dependents with low cost merchandise and services. The earnings generated by these activities are used "to supplement appropriated funds for the support of Army and Air Force welfare and recreational programs." Army Reg. 60–10, Air Force Reg. 147–7, ¶ 1–2.

Calder was employed by the AAFES on the Fairchild Air Force Base. Crall and Earl were also employed on that base. All were federal employees under the jurisdiction of the Department of the Air Force. All worked for the same employer and were therefore in the same employ for purposes of 33 U.S.C. § 933(i). Calder's suit against Crall and Earl should have been barred. The judgment of the district court is REVERSED.