92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis Thomas PAUL, Plaintiff-Appellant,
v.
ARMY & AIR FORCE EXCHANGE SERVICE, Defendant-Appellee.
 No. 95-16800.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Thomas Paul appeals pro se the district court's Fed.R.Civ.P. 12(b)(1) dismissal for lack of subject matter jurisdiction of his action for damages against the Army and Air Force Exchange Service ("AAFES") for failure to provide him with certain retirement benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Paul contends that the district court erred by dismissing his action for lack of subject matter jurisdiction because he has identified a statutory waiver of sovereign immunity. This contention lacks merit.
 
 
 4
 We review de novo a district court's dismissal for lack of subject matter jurisdiction. Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772 (9th Cir.1995).
 
 
 5
 The United States is immune from suit unless it expressly consents to be sued. See United States v. Mitchell, 463 U.S. 206, 212 (1983); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). The AAFES is a nonappropriated fund instrumentality of the United States. See Calder v. Crall, 726 F.2d 598, 599 (9th Cir.), cert. denied, 469 U.S. 857 (1984). Like other military exchanges, it is an "ar[m] of the government deemed by it essential for the performance of governmental functions ... and partake[s] of whatever immunities it may have under the constitution and federal statutes." Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 733-34 (1982).
 
 
 6
 Here, the statutes identified by Paul do not provide a waiver of sovereign immunity. See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1382-83 (9th Cir.1988) (28 U.S.C. § 2201), cert. denied, 488 U.S. 1006 (1989); Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983) (28 U.S.C. § 1331), cert. denied, 466 U.S. 958 (1984); Smith v. Grimm, 534 F.2d 1346, 1352 n. 9 (9th Cir.) (28 U.S.C. § 1361), cert. denied, 429 U.S. 980 (1976).
 
 
 7
 The Tucker Act, 28 U.S.C. § 1346(a)(2), is inapplicable to Paul, because Paul was an appointed employee. See Sheehan, 456 U.S. at 741. To the extent Paul's claims arise from a federal personnel action, as an AAFES employee, Paul is statutorily excluded from the applicability of the Civil Service Reform Act. See 5 U.S.C. § 2105(c); see United States v. Fausto, 484 U.S. 439, 455 (1988); see also McAuliffe v. Rice, 966 F.2d 979, 980 (5th Cir.1992).
 
 
 8
 Because Paul has not indicated any statute or regulation which waives sovereign immunity, the district court did not err by dismissing his action for lack of subject matter jurisdiction. See Seven Resorts, Inc., 57 F.3d at 772.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3