Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ACME ENERGY SERVICES, INC.,
and ACME ENERGY SERVICES,
INC., d/b/a BIG DOG DRILLING,


 Appellants,


v.


MARIVELLE ARANDA,
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE
OF DAVID ARANDA, DECEASED,
AND DINA RODRIGUEZ,
INDIVIDUALLY AND AS NEXT
FRIEND OF SAUL RODRIGUEZ, JR.,
A MINOR, AND AS
REPRESENTATIVE OF THE ESTATE
OF SAUL RODRIGUEZ, DECEASED,


 Appellees.

§


§


§


§


§


§


§


§


§


§






No. 08-02-00205-CV


Appeal from the


109th Judicial District Court


of Andrews County, Texas


(TC# 15,376)





M E M O R A N D U M O P I N I O N



 This is an appeal from a wrongful death action arising out of an automobile accident. 
For the reasons stated, we reverse and render.


I. SUMMARY OF THE EVIDENCE


 On December 18, 1999, an automobile driven by Jason Morris and an automobile
driven by Nazario Alvarez were involved in an accident in Andrews County, Texas. David
Aranda, Saul Rodriguez and Joey Valdez were passengers in the vehicle Morris was driving. 
They were part of Morris' drilling crew and all were employed by Appellants, Acme Energy
Services, Inc., and Acme Energy Services, Inc., d/b/a Big Dog Drilling Company ("Acme").
Morris was driving Rodriguez' vehicle at the time of the accident. Aranda and Rodriguez
were killed in the accident.

 Aranda's widow, Appellee Marivelle Aranda, and Rodriguez' widow, Appellee Dina
Rodriguez, sued Acme, Alvarez, and Morris for wrongful death in two separate actions. The
suits were consolidated and tried together. Prior to opening statements, Appellees settled
with and dismissed Morris from the suit. They also dismissed all direct claims against Acme,
so the only cause of action against Acme was one for respondeat superior based on the
negligence of Morris. 

 Acme twice moved for a directed verdict and the trial court denied both motions. The
jury found Morris negligent and apportioned his responsibility at 25 percent, and found
Alvarez negligent and apportioned his responsibility at 75 percent. The jury found that
Morris was acting in the course and scope of his employment at the time of the accident, but
that Aranda and Rodriguez were not. Based on the jury's verdict, the trial court rendered
judgment against Acme, holding it vicariously liable for Morris' negligent operation of
Rodriguez' vehicle. (1) Marivelle Aranda was awarded $481,369.07, Dina Rodriguez was
awarded $472,914.46, and Saul Rodriguez was awarded $58,920.00. Acme filed a motion
for new trial, which the trial court denied. This appeal follows. 

II. DISCUSSION


 Appellants presents three issues on appeal. Finding Issue No. One to be dispositive,
we begin with a discussion of the standard of review.

A. Legal Sufficiency Standard of Review

 An appeal from the denial of a motion for directed verdict is in essence a challenge
to the legal sufficiency of the evidence. Haynes & Boone, L.L.P. v. Chason, 81 S.W.3d 307,
309 (Tex. App.--Tyler 2001, pet. denied). In determining whether there is no evidence of
probative force to support a jury's finding, all the record evidence must be considered in the
light most favorable to the party in whose favor the verdict has been rendered, and every
reasonable inference deducible from the evidence is to be indulged in that party's favor.
Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997). A no-evidence point
will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the
court is barred by rules of law or of evidence from giving weight to the only evidence offered
to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. Id.


 Moreover, a motion for Judgment Notwithstanding the Verdict should be granted
when the evidence is conclusive and one party is entitled to judgment as a matter of law. See
Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227-28 (Tex. 1990); Taco Cabana, Inc. v.
Exxon Corp., 5 S.W.3d 773, 777 (Tex. App.--San Antonio 1999, pet. denied). We review
the denial of a motion for JNOV under a legal sufficiency or no evidence standard of review.
Trinity Indus. v. Ashland, Inc., 53 S.W.3d 852, 863 (Tex. App.--Austin 2001, pet. denied);
Kahlig v. Boyd, 980 S.W.2d 685, 688 (Tex. App.--San Antonio 1998, pet. denied). That is,
we review the record in the light most favorable to the jury's findings, considering only the
evidence and inferences that support them and disregarding all evidence and inferences to
the contrary. Trinity Indus., 53 S.W.3d at 863; see Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001); Wal-Mart Stores, Inc. v. Bolado, 54 S.W.3d 837, 841 (Tex. App.--Corpus
Christi 2001, no pet.). If there is more than a scintilla of evidence to support the findings,
the motion for JNOV was properly denied. See Mancorp, Inc., 802 S.W.2d at 228; Trinity
Indus., 53 S.W.3d at 863. The evidence supporting a finding amounts to more than a scintilla
if reasonable minds could arrive at the finding given the facts proved in the particular case.
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Bolado, 54 S.W.3d at
841.

 In Issue No. One, Appellants argue that the trial court erred in denying its motions for
directed verdict and for judgment notwithstanding the verdict because Morris was not acting
in the scope of his employment driving to work as a matter of law, and therefore Appellants
are not vicariously liable for Morris' negligent driving. We agree.

 The only cause of action against Acme was one for respondeat superior based on the
negligence of Morris. 

 The theory of respondeat superior or vicarious liability is based upon acts of an
employee which fall within the scope of the general authority of the employee so long as the
acts are in furtherance of the employer's business and for the accomplishment of the object
for which the employee was hired. Leadon v. Kimbrough Brothers Lumber Company, 484
S.W.2d 567, 569 (Tex. 1972); Langley v. National Lead Co., 666 S.W.2d 343, 345 (Tex.
App.--El Paso 1984, no writ).

 Generally, an employee is not in the course and scope of employment while traveling
to and from work. See, e.g., Kennedy v. American National Insurance Co., 107 S.W.2d 364
(Tex. 1937); Texas Gen. Indem. Co. v. Bottom, 365 S.W.2d 350, 353 (Tex. 1963); Longoria
v. Texaco, Inc., 649 S.W.2d 332, 335 (Tex. App.--Corpus Christi 1983, no writ); London v.
Texas Power and Light, 620 S.W.2d 718, 720 (Tex. Civ. App.--Dallas 1981, no writ);
American Nat'l Ins. Co. v. O'Neal 107 S.W.2d 927 (Tex. Civ. App.--San Antonio 1937, no
writ). This rule is based on the premise that an injury occurring while traveling to and from
work is caused by risks and hazards incident to driving on public streets, which has nothing
to do with the risks and hazards emanating from a person's employment. Smith v. Texas
Employers' Ins. Assoc., 129 Tex. 573, 105 S.W.2d 192, 193 (1937). 


 However, an exception to the general rule exists where an employee has undertaken
a special mission at the direction of his employer or is otherwise performing a service in
furtherance of the employer's business with the express or implied approval of the employer.
Upton v. Gensco, Inc., 962 S.W.2d 620, 621-22 (Tex. App.--Fort Worth 1997, pet. denied); 
Chevron, U.S.A., Inc. v. Lee, 847 S.W.2d 354, 356 (Tex. App.--El Paso 1993, no writ);
Gebert v. Clifton, 553 S.W.2d 230, 232 (Tex. Civ. App.--Houston [14th Dist.] 1977, writ
dismissed). An employee is not engaged in a special mission when the employer neither
requires a particular means of travel, nor directs the employee to take a particular route.
Upton, 962 S.W.2d at 622. Appellees did not request a jury issue on the special mission
exception, thus we will not address it. Strauss v. LaMark, 366 S.W.2d 555, 557 (Tex. 1963);
see also Wilie v. Signature Geophysical Servics, Inc., 65 S.W.3d 355, 360 (Tex. App.--
Houston [14th Dist.] 2001, pet. denied)(courts must apply the general rule where plaintiffs
failed to allege that defendant's employee was engaged in a special mission at the direction
of his employer and no other exceptions were alleged to take the employee out of the general
rule.). 

 The evidence was undisputed that, at the time of the accident, Morris was driving a
private vehicle on a public road en route to work. Morris testified that it was his
responsibility to make sure his crew showed up at the work site, but that it was not his
responsibility to bring them there. He stated that providing transportation to and from the
rig was not a term or condition of his employment, but that he and the other employees
agreed among themselves to ride together so they would not all have to drive their cars. He
testified that he and Rodriguez had an agreement in which Morris paid Rodriguez $40 a day
for using Rodriguez' car. Rodriguez allowed Morris to use his vehicle for "after work
purposes too." Appellees attempted to argue that the $40 per diem pay that Morris received
from Acme was "driving pay." We note that even if this was the case, temporary mileage
compensation does not place the employee in the course and scope of employment while
traveling to and from work in the employee's automobile. London, 620 S.W.2d at 719. 
When the employer neither requires any particular means of travel nor directs the employee
to take a particular route, the employee is not engaged in the furtherance of the master's
business. Id. at 720.

 Acme also introduced its "Policy on Employee Transportation to or From Work Site,"
which both Rodriguez and Aranda signed. The policy stated that each employee was solely
responsible for providing his own transportation to or from the work site and that the
company did not provide such transportation or vehicles for such transportation. The policy
also stated that the company did not pay travel time to any employee for traveling to or from
the work site; that the company did not require Drillers to transport other employees to the
work site; and that the company did not require rig employees to ride to or from the work site
with the Driller or any other employee. Finally, the policy stated that if the Driller or any
other person provided a ride to or from the work site, such arrangement was between those
two parties, and that the company assumed no responsibility for accidents or injuries that
occurred while employees were traveling to or from the work site. 

 Accordingly, we find as a matter of law that under the theory of respondeat superior,
Morris was not in the course and scope of his employment while traveling to the work site
because his acts were not in furtherance of Acme's business and were not for the
accomplishment of the object for which he was hired. Given our disposition of Issue No.
One, we need not address Acme's remaining issues. We reverse the judgment of the trial
court and render judgment that Appellees take nothing from Acme. 

April 22, 2004




 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.



1. Judgment was rendered, jointly and severally, against Alvarez, but he is not a party to this appeal.