FILED

**NOT FOR PUBLICATION**

MAR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD NARDIZZI, an individual, | No. 14-55264 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-03210-MWF-SH |
| v. | |
| BETTY D. WILLIAMS, an individual; UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 12, 2016
Pasadena, California

Before: BERZON and OWENS, Circuit Judges, and MARBLEY,** District Judge.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\* The Honorable Algenon L. Marbley, District Judge for the U.S. District Court for the Southern District of Ohio, sitting by designation.

Ronald Nardizzi, a former employee of a non-appropriated fund instrumentality ("NAFI") [1] on a United States Naval Base, appeals from the district court's dismissal of his claims for violations of his Fifth Amendment due process rights and intentional interference with contractual relations, as well as its denial of his motion for leave to amend his complaint. The district court dismissed Nardizzi's Fifth Amendment claim for lack of subject-matter jurisdiction, holding that Congress intended to preclude NAFI employees from bringing constitutional claims for damages against a supervisor. The district court also dismissed Nardizzi's claim for intentional interference with contractual relations because the United States has not waived its sovereign immunity with respect to tort claims for interference with contract.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and review de novo a district court's dismissal of a complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1103–04 (9th Cir. 2011); *Harkonen v. U.S. Dep't of Justice*, 800 F.3d 1143, 1148 (9th Cir. 2015). We affirm the judgment of the district court.

In certain circumstances, a plaintiff may bring an action for constitutional violations by a federal officer under *Bivens v. Six Unknown Named Agents of Fed.*

---

[1] NAFIs are quasi-governmental entities whose funds come primarily from their own activities rather than annual congressional appropriations. *See Calder v. Crall*, 726 F.2d 598, 600 (9th Cir. 1984).

*Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Such an action is unavailable, however, when "the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations," or where there are "indications that congressional inaction has not been inadvertent." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).

In *Blankenship v. McDonald*, we held that a federal court reporter, who lacked access to the administrative remedies provided under the Civil Service Reform Act ("CSRA"), was precluded from bringing a *Bivens* action. 176 F.3d 1192, 1195 (9th Cir. 1999). *Blankenship* compels the dismissal of Nardizzi's *Bivens* action. There, we found that Congress's decision to deny certain remedies to judicial employees and grant them others indicated that the lack of more complete remedies to the plaintiff was not inadvertent. *Id.* Similarly, NAFI employees have access to certain administrative remedies to challenge a termination through the Navy Personnel Manual, and Congress explicitly excluded NAFI employees from the remedial scheme of the CSRA, *see* 5 U.S.C. § 2105(c). Therefore, Congress's decision to deny a more complete remedy to these employees was not inadvertent.

The district court also correctly dismissed Nardizzi's tort claim for intentional interference with contractual relations for lack of subject-matter jurisdiction because Nardizzi did not challenge the district court's substitution of

the United States as a defendant in this action, and the United States is immune from suit for interference-with-contract claims under the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(h).

Finally, the district court properly denied Nardizzi leave to amend his Fifth Amendment claim to include a request for equitable relief. An amendment would be futile because the available procedures were constitutionally adequate. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**AFFIRMED**.