UNITED STATES of America, Appellant,

v.

Clifton L. CULP, Jr., and wife, Virginia Marie Culp, Appellees.

No. 21837.

United States Court of Appeals Fifth Circuit.

May 19, 1965.

Rehearing Denied July 13, 1965.

**36**

Walter H. Fleischer, Morton Hollander, Marilyn S. Talcott, Attys., Dept. of Justice, Washington, D. C., W. E. Smith, Asst. U. S. Atty., Dallas, Tex., John W. Douglas, Asst. Atty. Gen., Barefoot Sanders, U. S. Atty., John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., for appellant.

Jerry L. Buchmeyer, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellees.

Before TUTTLE, Chief Judge, and BROWN and FRIENDLY,* Circuit Judges.

PER CURIAM.

This is an appeal by the United States from a judgment entered against it under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq. The judgment must be affirmed except for the provisions for interest.

The suit resulted from an injury to the appellees in an accident in which their automobile collided with an automobile driven by Pfc. Edwin C. Roof, an enlisted man in the U. S. Army, who was proceeding under Army orders for a permanent change of station to Fort Hood, Texas. Traveling under orders, Roof was, of course, compensated for his travel time and he was paid travel allowance in advance for travel by private conveyance. We find no such difference between the law of the state of Texas and that of the state of Georgia as would warrant our distinguishing this case from Hinson v. United States, 5 Cir., 257 F.2d 178.

The United States earnestly argues that the recent decision by the Court of Civil Appeals of the State of Texas in Parmlee v. Texas & New Orleans Railroad Co., 381 S.W.2d 90, requires a different result under the Texas laws. We conclude that the status of the enlisted man who was under orders to effect a permanent change of station, who was authorized to travel by private conveyance, who was being compensated for the time engaged in travel and who was reimbursed for travel expenses in a fixed amount of mileage differs sufficiently from that of the railroad engineer in Parmlee as to prevent the Parmlee case from being a controlling precedent here. In the Parmlee case, the engineer was traveling to commence work at a different location; he was not compensated for the time of travel and he was not reimbursed for travel expenses. Here, on the other hand, it cannot be doubted that the United States Army could by regulation or by specific order, have directed the exact route and could have placed limitations on the specific conduct of the enlisted man as a condition to issuing the order authorizing travel by a private conveyance. This, of course, gave the United States the "right and power to direct and control the causal act or omission at the very instant of the occurrence of such act or neglect", the requirements set forth in the Texas cases.

The appellees do not seriously contest the correctness of the Government's position that the rate of interest on judgments against the United States is 4% rather than 6%, as provided in the judgment of the trial court. Moreover, it is clear that Congress has provided that interest should run only in case of an appeal by the United States, and then only from the date of filing of the transcript of the judgment in the General Accounting Office to the date of the mandate of affirmance. Here, the Government approved the form of the judgment entered in the trial court. This may have contributed to the failure of the

* Of the Second Circuit, sitting by designation.

appellees to file their transcript of the trial court's judgment in the General Accounting Office which prevented them from earning legal interest from that date until the date of the mandate of this court. However, since both the time from which interest can run and the rate of interest are fixed by statute, we do not consider it to be appropriate to change either of these provisions by a species of estoppel. Since this court has the power to rectify the judgment (see Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037), we conclude that we must modify the judgment by providing for interest at 4% from the date of the filing of the transcript of the District Court's judgment in the General Accounting Office.

The judgment is modified, and as modified, it is

Affirmed.