Jerry J. **HALLBERG** et al., etc.,
Plaintiffs-Appellees,

v.

Charles W. **HILBURN** et al., Defendants-Appellants.

No. 29047.

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1970.

Charles R. Jones, Scott, Hulse, Marshall & Feuille, El Paso, Tex., for appellants.

John B. Luscombe, El Paso, Tex., Morton Hollander, Patricia S. Baptiste, Dept. of Justice, Washington, D. C., William D. Appler, Silver Spring, Md., William D. Ruckelshaus, Asst. Atty. Gen., Seagal V. Wheatley, U. S. Atty., for appellees.

Before GEWIN, MORGAN and ADAMS,* Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This appeal relates to an automobile collision which occurred on July 17, 1965, at El Paso, Texas, between Jerry Hallberg and others, as plaintiffs, and Sergeant Charles Hilburn, a noncommissioned officer in the United States Army. The plaintiffs brought action in the district court against Sgt. Hilburn, individually, and the United States of America, under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b). A trial without a jury was had on all issues, and, thereafter, the district court entered an interlocutory order in favor of the plaintiffs, holding that the defendant Hilburn was negligent in the operation of his automobile, and that damages were due plaintiffs in the amount of $7,875.00. Subsequently, the court held that Hilburn was not acting within the scope of his employment at the time of the collision, and, accordingly, ordered that the entire judgment be assessed against Hilburn. Sgt. Hilburn excepted to the finding relating to the scope of employment and appeals to this court.

■ As the amount awarded and the plaintiffs' right to recover has been agreed upon, the only issue this case presents is the question of whether or not, under the evidence as developed at the trial, together with the facts stipulated by the parties, the findings of the court that "Hilburn was still on leave and was in no way performing any duty for his employer" can be sustained. We are cognizant that it is not proper for this court to retry factual issues where there is evidence to sustain the findings below. Cedillo v. Standard Oil Company of Texas, 5 Cir., 1961, 291 F.2d 246; Salem v. United States Lines Company, 2 Cir., 1961, 293 F.2d 121. However, it is the duty of this court as a reviewing court to reverse where the findings below are without substantial evidence to support them, or where the court misapprehends the effect of the evidence. Kwong v. Occidental Life Insurance Company of California, 5 Cir., 1960, 273 F.2d 691; Hart v. Gallis, 7 Cir., 1960, 275 F.2d 297.

A perusal of the record indicates that the relevant facts before this court are undisputed. The appellant Sgt. Hilburn had continuous service in the regular United States Army for seventeen years. Under specific orders he was transferred from Munich, Germany, to the U. S. Air Defense School, Fort Bliss, Texas. He departed from Munich on or about June 6, 1965, and arrived at the New York port eleven days later. He was paid $121.00 for travel from New York to Fort Bliss, Texas, which was computed on a mileage basis of 6 cents a mile. The or-

---

* Of the Third Circuit, sitting by designation.

ders issued to the Sergeant permitted a 30-day delay en route, and his orders required that he report for duty at Fort Bliss before midnight of July 17, 1965. The orders issued by the Department of the Army were for a permanent change of station and the means of travel were left to Sgt. Hilburn to decide. Hilburn rode a Greyhound bus to his home in Tylertown, Mississippi, and after arriving in Tylertown, he purchased a new 1965 Chevrolet automobile. After remaining at home in Mississippi for a few days, Sgt. Hilburn traveled by automobile with his wife and child to El Paso, and arrived there on July 14, 1965, where he rented a furnished house for himself and family. On the morning of the collision, July 17, 1965, the Sergeant decided to report to Fort Bliss around 7:30 A.M., as he felt the personnel section would be open and the processing would be easier than late that night. At the time the Sergeant began his journey to report to the base, he was dressed in his uniform and carried with him his complete military records which might assist in the transfer. He also carried sufficient military clothing to last him for a week in case it took that period of time to clear him for the classified work to which he contemplated being assigned. As he began his journey from his rented quarters shortly after 6:00 A.M., being unfamiliar with the area, he lost his way and finally stopped and received directions at a filling station. After receiving directions, he was back on the direct route from his residence, 7262 Alameda, when he collided with the Hallbergs' vehicle at the intersection of Geronimo and Montana Streets in El Paso. After the collision, Hilburn was treated for a slight injury and reported to the base around 10:00 A.M. During all the time Hilburn was traveling from Germany to report to Fort Bliss, including the day of the collision, he was on the payroll of the United States Army, Eighth Missile Battalion of the 62nd Artillery, and he was subject to military discipline under the Uniform Code of Military Justice.

We take no issue with the finding that Texas law controls and that, if Hilburn was merely "going to work", under Texas law, one so engaged is not acting within the scope of his employment. Hinson v. United States, 5 Cir., 1958, 257 F.2d 178. Here, however, Hilburn chose to come to El Paso several days early to secure a home for his family and left Mississippi in time to do so. If the collision had occurred on a highway between Mississippi and El Paso, clearly, under this court's holding in Hinson v. United States, supra, and this court's opinion in United States v. Culp, 5 Cir., 1965, 346 F.2d 35, a Texas case, the United States would have been liable. Sgt. Hilburn had begun and was on the last leg of his journey to report for duty at Fort Bliss on the day required by his orders, with his orders in hand, dressed in uniform, with adequate military clothing to perform any duties which might be required by reason of his change of permanent station from Munich, Germany, to Fort Bliss.

This distinction between an employee traveling to and from work and a soldier reporting to permanent change of station pursuant to orders, with travel pay, was clearly drawn by this court in a decision handed down in United States v. Culp, supra, wherein the Court stated:

"This is an appeal by the United States from a judgment entered against it under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq. The judgment must be affirmed except for the provisions for interest.

"The suit resulted from an injury to the appellees in an accident in which their automobile collided with an automobile driven by Pfc. Edwin C. Roof, an enlisted man in the U. S. Army, who was proceeding under Army orders for a permanent change of station to Fort Hood, Texas. Traveling under orders, Roof was, of course, compensated for his travel time and he was paid travel allowance in advance for travel by private conveyance. We find no such

difference between the law of the state of Texas and that of the state of Georgia as would warrant our distinguishing this case from Hinson v. United States, 5 Cir., 257 F.2d 178.

"(1) The United States earnestly argues that the recent decision by the Court of Civil Appeals of the State of Texas in Parmlee v. Texas & New Orleans Railroad Co., 381 S.W.2d 90, requires a different result under the Texas laws. We conclude that the status of the enlisted man who was under orders to effect a permanent change of station, who was authorized to travel by private conveyance, who was being compensated for the time engaged in travel and who was reimbursed for travel expenses in a fixed amount of mileage differs sufficiently from that of the railroad engineer in Parmlee as to prevent the Parmlee case from being a controlling precedent here. In the Parmlee case, the engineer was traveling to commence work at a different location; he was not compensated for the time of travel and he was not reimbursed for travel expenses. Here, on the other hand, it cannot be doubted that the United States Army could by regulation or by specific order, have directed the exact route and could have placed limitations on the specific conduct of the enlisted man as a condition to issuing the order authorizing travel by a private conveyance. This, of course, gave the United States the 'right and power to direct and control the causal act or omission at the very instant of the occurrence of such act or neglect', the requirements set forth in the Texas cases."

Under the undisputed evidence, the district court was clearly erroneous in holding that Sgt. Hilburn's leave ended when he "settled in El Paso, Texas, and rented a home".

Reversed and remanded.