**Mary Callahan WILSON, Individually and as Next Friend of John M. Callahan, and Mary Jane Harvey as Next Friend of John Eric Callahan and Shannon Lene Callahan, Appellants,**

v.

**H.E. BUTT GROCERY COMPANY, Appellee.**

No. 13–87–482–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1988.

Gary B. Pitts, Pitts & Collard, Houston, for appellants.

R. Clay Hoblit, Rudy Gonzales, Jr., Chaves, Gonzales & Rodriguez, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellants, Mary Callahan Wilson, Individually and as next friend of John M. Callahan, and Mary Jane Harvey as next friend of John Eric Callahan and Shannon Lene Callahan, appeal from a summary judgment rendered in favor of H.E.B., Inc., appellee. Appellants present two points of error for review. We affirm the judgment of the trial court.

Appellants brought suit to recover from appellee for the wrongful death, personal injuries, and damages they suffered when a vehicle operated by Magdalena Maxwell, an employee of appellee, hit John Callahan, a pedestrian. Appellants allege that the appellee is responsible under the doctrine of *respondeat superior* since, at the time of the accident, Ms. Maxwell was within the course and scope of her employment. Appellee filed a motion for summary judgment, alleging that the evidence conclusively established that Maxwell was not acting within the scope of her employment. Appellant raises two points of error. We affirm the trial court's judgment.

When reviewing a summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant is entitled to prevail on a motion for summary judgment if he establishes as a matter of law that no genuine issue of material fact exists as to one or more elements of the plaintiff's cause of action. *Bader v. Cox*, 701 S.W.2d 677, 680 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). A motion for summary judgment must specifically set forth the grounds relied upon. Tex.R.Civ.P. 166–A(c).

To impose liability on an employer for the tort of his employee under the doctrine of *respondeat superior*, the employee's act must fall within the scope of the employee's general authority and must be in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971).

In the instant case, it is undisputed that Maxwell, at the time of the accident, was employed by the appellee as a manager of computer application systems. In her deposition, Maxwell testified that on July 2, 1984, she had worked her normal hours from approximately 7:30 a.m. to 5:30 p.m. Maxwell had completed her work and gone home when someone from her office called her and asked her to return to work due to a computer malfunction. At approximately 10:30 p.m., she had repaired the system and was driving home in her own automobile when the accident occurred.

At her deposition, Maxwell testified that appellee normally did not reimburse her for

mileage when commuting to and from work; however, on this particular occasion, she was reimbursed. Maxwell's deposition also reveals that she was asked by counsel for appellee the following question:

Q. Do you feel like you were on your employer's business being out at that time of night at that part of the highway?

A. I was returning from a business problem, so I was still—completing the last leg of a business problem.

Appellants, citing *United States v. Culp,* 346 F.2d 35 (5th Cir.1965) and *Hinson v. United States,* 257 F.2d 178 (5th Cir.1958), contend that whether Maxwell was acting within the scope of employment is a fact question since her employer directed her to come back to work and reimbursed her for mileage. They further allege that Maxwell's belief that she was on the "last leg of a business problem" when the accident occurred raised a fact issue. We disagree.

■ The test of a master's liability for the negligent acts of his servant is whether on the occasion in question, the master has the right and power to direct and control the servant in the performance of the causal act or omission at the very instance of its occurrence. *Parmlee v. Texas & New Orleans Railroad Co.,* 381 S.W.2d 90 (Tex. Civ.App.—Tyler 1964, writ ref'd n.r.e.).

■ The general rule in Texas is that an employee is not in the course and scope of his employment while driving his own vehicle to and from his place of work absent other factors. *See, e.g., Kennedy v. American National Insurance Co.,* 107 S.W.2d 364 (Tex.1937); *Longoria v. Texaco, Inc.,* 649 S.W.2d 332, 335 (Tex.App.—Corpus Christi 1983, no writ); *London v. Texas Power and Light,* 620 S.W.2d 718, 720 (Tex.Civ.App.—Dallas 1981, no writ); *American National Insurance Co. v. O'Neal* 107 S.W.2d 927 (Tex.Civ.App.—San Antonio 1937, no writ).

■ Likewise, temporary mileage compensation does not place the employee in the course and scope of employment while traveling to and from work in the employee's automobile. *London,* 620 S.W.2d at 719. When the employer neither requires any particular means of travel nor directs the employee to take a particular route, the employee is not engaged in the furtherance of the master's business. *Id.* at 720.

Appellants' reliance on *Culp* and *Hinson* is misplaced. In *Culp* and *Hinson,* the United States government was sued for negligent acts of enlisted servicemen under the doctrine of *respondeat superior.* The Fifth Circuit found in both cases that the United States Army, by virtue of regulation or order, had the right and power to direct the route taken by enlistees, and/or place limitations on their conduct while traveling. *Culp,* 346 F.2d at 36; *Hinson,* 257 F.2d at 181. These cases are clearly distinguishable from the case before us. In the instant case, the uncontroverted evidence establishes that the appellee had absolutely no right to direct or control Maxwell while commuting to and from work.

To support its motion for summary judgment, appellee filed affidavits from Maxwell and Siebert Ickler, the appellee's systems manager and Maxwell's supervisor. In Maxwell's affidavit she attested that when the accident occurred, she had completed her work and was on her way home. She further stated that:

[m]y employer neither directed me as to the manner of transportation I was to use nor directed me as to what route to take. Moreover, my employer had no right or power to direct or control me in any other way while commuting between home and work place.

Similarly, Ickler attested that neither he nor H.E.B. had the right or power to direct and control the means or manner of transportation which Maxwell used to commute to and from work. He further attested that neither he nor the appellee ever instructed or directed Maxwell concerning what route to take. The appellee did not file any controverting affidavits.

■ In considering summary judgment evidence, if the uncontradicted testimony

comes from an interested witness, such testimony will not establish a fact as a matter of law unless the testimony from the interested witness is clear, direct, and positive and there are no circumstances in the evidence tending to discredit or impeach it. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904 (1943); *Triland Investment Group v. Tiseo Paving Co.*, 748 S.W.2d 282, 285 (Tex.App.—Tyler 1988, no writ); *Longoria*, 649 S.W.2d at 335.

■ In the case before us, the affidavits were clear, direct, and positive. Maxwell's testimony that she believed she was finishing the last leg of business did not tend to discredit or impeach the evidence that the appellee had no right or power to direct and control the means or manner of transportation, and/or the route taken to and from work. Therefore, the undisputed summary judgment evidence was conclusive that Maxwell was not acting within the scope of her employment when the accident occurred.

We overrule appellants' first point of error.

■ By their second point of error, appellants contend that the trial court erred in granting appellees' motion since the evidence established that the appellee itself was negligent in allowing Maxwell to drive when they knew or should have known that she was fatigued. They argue that appellee should have provided an alternate means of transportation or provided that Maxwell drink coffee before driving home. We find this point is without merit.

Appellants' petition alleged that appellee was liable for the actions of its employee Magdalena Maxwell solely under *respondeat superior* principles. Appellants' own pleading, therefore, limited its focus to certain listed actions of Maxwell under the doctrine of *respondeat superior*. Therefore, the trial court properly granted appellee's motion since the undisputed summary judgment evidence raised no genuine issue of material fact and established as a matter

of law that Maxwell was not acting within the scope of employment when the accident occurred. We overrule appellants' second point of error.

The judgment of the trial court is AFFIRMED.