In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00316-CV

_____

CITY OF BEAUMONT, Appellant

V.

DANNY STEWART, Appellee

_____

On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A-190,497

_____

MEMORANDUM OPINION

This is an appeal from the trial court's denial of a plea to the jurisdiction. Danny Stewart, appellee, sued the City of Beaumont ("City") after he was involved in a two-car collision with a vehicle operated by Ada Sariah, and owned by the City. At the time of the accident Sariah was on her lunch break. The City filed a plea to the jurisdiction arguing that the City was immune from suit and the trial court lacked subject matter jurisdiction. The trial court concluded that Sariah was within the course and scope of her employment at the time of the accident, and even if she had not been, the City would

1

remain liable to Stewart pursuant to the Restatement of Torts and therefore denied the City's motion. This appeal followed. We reverse the judgment of the trial court.

PLEA TO THE JURISDICTION

A. Sovereign Immunity

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or its political subdivisions, including cities, have been sued unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). "The Texas Torts Claims Act provides a limited waiver of sovereign immunity." *Miranda*, 133 S.W.3d at 224; *see also* Tex. Civ. Prac. & Rem. Code §§ 101.001-.109 (West 2005 & Supp. 2012);. Thus, the City is immune from suit unless the Tort Claims Act has expressly waived immunity. *See Miranda*, 133 S.W.3d at 224-25 (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(3)(A), 101.021, 101.025).

The Tort Claims Act has been interpreted to waive sovereign immunity in three areas: "'use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property.'" *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000) (quoting *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976)). Section 101.021 of the Tort Claims Act provides in pertinent part that a governmental unit is liable for:

2

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law[.]

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). The Tort Claims Act defines employee as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." *Id.* § 101.001(2) (West Supp. 2012).

## B.  Standard of Review

Because sovereign immunity from suit defeats a trial court's subject matter jurisdiction, it is properly raised by filing a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-26; *Jones*, 8 S.W.3d at 637. Whether the trial court has subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to show that jurisdiction exists by alleging facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  Whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction is a question of law reviewed *de novo*.

3

*Miranda*, 133 S.W.3d at 226. "Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law." *Id.* When a plea to the jurisdiction challenges the pleadings, we must determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* The Court further stated:

> However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. . . . If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.

*Id.* at 227-28. When considering evidence submitted in support of the plea to the jurisdiction, "we take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* at 228; *see also City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

## C. Analysis

In its plea to the jurisdiction, the City argued that the trial court lacked subject matter jurisdiction over the suit because Sariah was not in the paid service of the City or acting within the scope of her employment at the time of the accident. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(2), (3)(B), 101.021. As evidence in support of its plea to the jurisdiction the City attached an affidavit by Sariah. In her affidavit, Sariah stated

4

that she was an employee of the City and was paid on an hourly basis. Sariah averred

that she was not paid for the time she was "'off the clock[.]'" Sariah's affidavit further

provided:

> As a City employee in the Streets and Drainage Department, we are not paid for the time we are off work for lunch. We have forty-five (45) minutes for lunch. If we drive a City vehicle, we cannot take it out of our work area for lunch but, otherwise, we are free to go where we want during lunchtime.
>
> . . . On [the day of the accident] I was assigned, along with my helper . . . to patch potholes in the street close to the intersection of Weiss and Magnolia. At approximately 12:00 p.m., my helper and I stopped working, put up our tools and took off work for lunch. We left the area of Weiss and Magnolia, traveled in the City's vehicle to the Church's Chicken at the corner of Magnolia and Glasshouse where [my helper] purchased items for lunch. We then left Church's and headed to my house, which is in the City further north of Church's, but still in our work area. My lunch was at my house and [my helper] and I were going to both eat lunch at my house. Once lunch was over, we planned to return to work for the City.

Sariah stated that the accident occurred after they left Church's Chicken, while en route

to her house to eat lunch. Sariah further stated:

> At the time of the accident in question, I was not in the paid service of the City and I was not performing any duties or tasks for the City. I was simply driving to my home for my own benefit of eating lunch. I could have brought my lunch that day if I had chosen to do so and not left the work site.

In his response to the City's plea to the jurisdiction, Stewart argued that Sariah

was in the scope of her employment at the time of the accident. The only evidence

provided by Stewart in response to the plea was a copy of the City's plea to the

jurisdiction, which included Sariah's affidavit. Stewart did not present any evidence

5

disputing or contradicting the statements made in Sariah's affidavit.[1] Citing Texas common law, Stewart argued that because Sariah was driving a City-owned vehicle at the time of the accident, a presumption arose that she was acting within the scope of her employment. Additionally, Stewart argued, based on the statements made in Sariah's affidavit, that at the time of the accident Sariah was "under the direction of the City" regarding where she was allowed to take the vehicle, and she was driving the vehicle "within the designated work area assigned to her[.]" Based on the foregoing, Stewart asserted that a fact issue existed regarding whether Sariah was within the scope of her employment at the time of the accident.

Under Texas common law,

> To impose liability on an employer for the tort of his employee under the doctrine of respondeat superior, the employee's act must fall within the scope of the employee's general authority and must be in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired.

---

[1] Stewart attached a copy of Sariah's deposition to his brief and cited and quoted portions of the deposition testimony in support of his appellate argument before this Court. However, Sariah's deposition was not made part of the record in the trial court, and thus, is not in the record before us on appeal. We cannot consider documents attached to briefs that are not included in the clerk's record or the reporter's record. *See* Tex. R. App. P. 34.1; *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered."); *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("We cannot consider documents attached to an appellate brief that do not appear in the record.").

*Wilson v. H.E. Butt Grocery Co.*, 758 S.W.2d 904, 906 (Tex. App.—Corpus Christi 1988, no writ) (italics omitted) (citing *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)). The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5).

In determining whether an employee was acting within the scope of his employment, courts have considered whether the employer had "the right and power to direct and control the [employee] in the performance of the causal act or omission at the very instance of its occurrence." *Wilson*, 758 S.W.2d at 907. In this vein, Texas courts have concluded that when an "employer neither requires any particular means of travel nor directs the employee to take a particular route, the employee is not engaged in the furtherance of [his employer's] business." *Id*. Stewart correctly argues, under Texas common law, when it is proved that a vehicle involved in an accident is owned by the defendant and the driver was an employee of the defendant, "a presumption arises that the driver was acting within the scope of his employment when the accident occurred." *Robertson Tank Lines*, 468 S.W.2d at 357. However, the presumption only prevails when it is unrefuted. *See id*. Where there is evidence that the driver was on a personal errand, or otherwise not in the furtherance of his employer's business, ownership of the vehicle and the fact that the driver was an employee of the defendant are insufficient to raise a

7

fact issue regarding scope of employment. *Id*. at 358. To the extent the Texas common law framework applies here, we find the presumption that Sariah was within the scope of her employment at the time of the accident rebutted by her affidavit. Once the presumption is rebutted, the burden is on the plaintiff to produce other evidence that the driver was within the scope of her employment. *See id.*; *J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 637 (Tex. App.—San Antonio 1993, no writ). Unaided by the presumption or other affirmative evidence, the fact that the driver was driving her employer's vehicle at the time of the accident does not constitute probative evidence that the employee was acting within the scope of her employment and is insufficient to raise a fact issue. *See Robertson*, 468 S.W.2d at 358. We are unpersuaded by Stewart's argument that Sariah was under the direction and control of the City at the time of the accident because she was driving the City vehicle within her designated work area, in accordance with her employer's policy. Contrary to Stewart's contention, this fact does not constitute probative evidence that Sariah was acting in furtherance of her employer's business or that she was "in or about the performance of a task lawfully assigned" to her by the City. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5). The evidence established that at the time of the accident Sariah was driving to her house to eat lunch. Going home for lunch was an action neither assigned, dictated nor directed by her employer.

It is well settled under Texas law, "[w]hen an employee deviates from the performance of his duties as an employee for his own, personal purposes, his employer is neither responsible nor liable on a *respondeat superior* theory for what occurs during that deviation." *Drooker v. Saeilo Motors,* 756 S.W.2d 394, 397 (Tex. App.—Houston [1st Dist.] 1988, writ denied); *see also Hudiburgh v. Palvic*, 274 S.W.2d 94, 100-101 (Tex. Civ. App.—Beaumont 1955, writ ref'd n.r.e.). Moreover, other courts applying Texas common law have held that an employee driving a company vehicle while going to or from lunch or dinner break was not within the scope of his employment. *See Gant v. Dumas Glass & Mirror, Inc.*, 935 S.W.2d 202, 212-13 (Tex. App.—Amarillo 1996, no writ) (holding that employee was not within the scope of employment when the accident occurred while he was in his company vehicle en route back to work after "attending his personal business of eating lunch"); *Drooker*, 756 S.W.2d at 397-98 (finding no evidence that employee was acting within scope of his employment where employee left work in employer's vehicle with two co-workers for a dinner break, intended to return to work after the meal, and was en route to dinner when the accident occurred); *see also J & C Drilling Co.*, 866 S.W.2d at 637-38 (holding that plaintiff failed to raise a fact issue regarding whether driver was within the scope of his employment where driver, who was in his company vehicle and was on 24-hour call, got into an accident returning to his rig site, after having left the site to have dinner in another town); *see also Robertson*, 468 S.W.2d at 358-59 (discussing cases holding that presumption of course and scope is

9

rebutted where the evidence establishes that the driver turned aside, even briefly, for a personal errand); *cf. Bell v. VPSI, Inc.*, 205 S.W.3d 706, 718 (Tex. App.—Fort Worth 2006, no pet.) (recognizing that "[e]ven when driving a vehicle furnished by the employer, the employee is generally not in the course and scope while going to and returning from work unless he is directed by his employer or furthering the employer's business.").

Generally, whether an employee is acting within the scope of her employment at a given time depends on whether the act from which the injury arose was in furtherance of her employer's business and for the accomplishment of the objective for which the employee was employed. *City of Balch Springs v. Austin*, 315 S.W.3d 219, 225 (Tex. App.—Dallas 2010, no pet.) (applying the Texas Tort Claims Act); *see also Terrell ex rel. Estate of Terrell v. Sisk*, 111 S.W.3d 274, 277-78 (Tex. App.—Texarkana 2003, no pet.) (applying the Texas Tort Claims Act); c*ompare Harris Cnty. v. Gibbons*, 150 S.W.3d 877, 882-84 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying the Texas Tort Claims Act). Sariah's uncontroverted affidavit established that at the time of the accident she was not performing a task or duty assigned to her by the City, and she was not paid during her lunch break. Moreover, Sariah's affidavit established that she was only required to stay within her work area if she went to lunch in the City vehicle; otherwise she was free to go wherever she wanted during her 45-minute lunch break. The City presented evidence that Sariah was not acting within the scope of her

10

employment at the time of the accident. Stewart failed to present evidence that Sariah was acting either in furtherance of her employer's business at the time of the accident or otherwise within the scope of her employment.

## D. Conclusion

Stewart's claim against the City is barred by the doctrine of governmental immunity.[2] *See City of Balch Springs*, 315 S.W.3d at 227; *cf. Drooker*, 756 S.W.2d at

---

[2] In its order denying the City's plea to the jurisdiction, the trial court concluded that the City could be held liable for Sariah's actions even if Sariah was not acting within the scope of her employment. In support of this conclusion, the trial court relied on section 317 of the Restatement of Torts. Section 317 provides:

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> (a) the servant
>
> (i) is upon the premises in possession of the master . . ., or
>
> (ii) is using a chattel of the master, and
>
> (b) the master
>
> (i) knows or has reason to know that he has the ability to control his servant, and
>
> (ii) knows or should know of the necessity and opportunity for exercising such control.

RESTATEMENT (SECOND) OF TORTS § 317 (1965).

Stewart has not presented evidence that raises a fact issue with regard to the application of section 317. We find section 317 inapplicable to the present case. Additionally, we

397-98.  We sustain issue one.  We reverse the order of the trial court denying the City's plea to the jurisdiction and dismiss the case for lack of jurisdiction.

REVERSED AND DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on October 10, 2012
Opinion Delivered November 1, 2012

Before McKeithen, C.J., Kreger and Horton, JJ.

---

are not persuaded that the intent of the Tort Claims Act to provide an express, limited waiver of sovereign immunity may be undercut by the Restatement of Torts.  We also find the workers' compensation cases cited by the parties in their briefs before this Court inapplicable to the present case. We find significant that the workers' compensation statute was intended to protect injured workers and involves a liberal construction in favor of injured workers; whereas, the doctrine of governmental immunity and the Tort Claims Act are based on policy considerations aimed at protecting governmental entities. In the absence of the State's consent to suit, the trial court lacks jurisdiction and must dismiss the case. *See Terrell*, 111 S.W.3d at 276.

12